UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22cv23387

GLENDA REYES,
    Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,
    Defendant.
_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**
**JURY DEMAND**

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resideS here and Defendant filed a state court garnishment proceeding against Plaintiff's property in this District.

**PARTIES**

3. Plaintiff, GLENDA REYES ("Reyes"), is a natural person and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson"), is a corporation organized under the laws of the State of Georgia. It is a citizen of the State of Minnesota with its principal place of business at 16 McLeland Rd., St. Cloud, MN 56303.

5. Jefferson is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

6. Jefferson regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Jefferson is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Jefferson filed suit against Reyes, in Miami-Dade County, Florida.

9. Jefferson has filed more than 200 collection lawsuits in Miami-Dade County, Florida within one (1) year of the filing of this Complaint.

10. Defendant regularly uses the mail and telephone to collect consumer debts.

11. Defendant's primary purpose is the collection of debts.

12. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

13. Jefferson sought to collect from Reyes an alleged debt arising from a credit card which Plaintiff used for her own personal, family and household purposes.

14. Reyes' alleged debt went into default.

15. On or about January 30, 2020, Jefferson filed suit against Reyes in state court in Miami-Dade County, Florida.

16. Jefferson obtained a final judgment against Reyes on July 8, 2020.

17. By agreement of the parties, an Order Vacating Default was entered on July 15, 2020. A copy of the Agreed Order Vacating Default is attached as Exhibit "A."

18. Notwithstanding the above, Jefferson, on December 30, 2021, moved for a Continuing Writ of Garnishment ("Writ"). A copy of the Motion for Continuing Writ of Garnishment is attached as Exhibit "B."

19. The Continuing Writ of Garnishment was issued on January 18, 2022. A copy of the Continuing Writ of Garnishment is attached as Exhibit "C."

20. The Writ was served on the Garnishee, A&B Home Health, Inc. ("A&B") on February 28, 2022. A copy of the Return of Service on the Garnishee is attached as Exhibit "D."

21. Allowing five (5) days for mailing pursuant to Fla. R. Jud. Admin. 2.514(b), the deadline for A&B to have served it's Answer on Jefferson should have been no later than March 25, 2022.

22. Fla. Stat. §77.055 requires a copy of the Garnishee's answer, or notice that no answer has been served, and notice that the defendant has twenty (20) days to move to dissolve the garnishment ("second notice") be served by first class mail on the Defendant within five (5) business days.

23. Fla. Stat. §77.055 states:

"Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address."

24. Jefferson should have served Reyes with the second notice no later than April 1, 2022, but it never sent the second notice to Jefferson or filed it with the state court.

25. The Writ should have been dissolved for Jefferson's failure to serve the second notice pursuant to Fla. Stat. §77.055.

26. Fla. Stat. §77.07(5) states:

"If the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ. The plaintiff has the right to extend

3

the writ for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service."

27. In addition to failure to comply with Fla. Stat. §77.055, Jefferson did not move for final judgment in garnishment, dismiss the garnishment, or extend the garnishment within six (6) months of the Continuing Writ of Garnishment being issued on January 18, 2022. A copy of the state court docket is attached as Exhibit "E."

28. Reyes was required to retain legal counsel to move to dissolve the Continuing Writ of Garnishment based on Jefferson's failure to comply with Fla. Stat. §§77.055 and 77.07(5).

29. Reyes moved to dissolve Jefferson's Continuing Writ of Garnishment. A copy of the Motion to Dissolve the Continuing Writ of Garnishment is attached as Exhibit "F."

30. The Continuing Writ of Garnishment was not dissolved until September 8, 2022, which caused additional, much-needed funds to be withheld from Reyes' wages. A copy of the Order Granting Motion to Dissolve Writ of Garnishment is attached as Exhibit "G."

31. The Writ should have been dissolved for Jefferson's failure to serve the second notice pursuant to Fla. Stat. §77.055 and failure to extend the garnishment pursuant to Fla. Stat. §77.07(5).

32. Jefferson caused Reyes' wages to be garnished for five (5) months after its Continuing Writ of Garnishment should have been dissolved for its failure to timely serve the second notice under Florida law.

33. Jefferson knew or should have known that as of April 1, 2022, that it failed to comply with the garnishment statutes.

34. In Florida, "[i]t is fundamental that garnishment statutes must be strictly construed." Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83, 86 (Fla. 3rd

4

DCA 2013) (*citing* Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995.

35. Jefferson caused the money that the Plaintiff and her family desperately needed to be withheld from them for an additional five (5) months.

36. Defendant acted in malice to harass and pressure Plaintiff in an effort financially benefit itself.

37. Plaintiff suffered damages as a result of Defendant's improper actions and seeks statutory, compensatory and punitive damages.

### COUNT I
### CONTINUING TO GARNISH WAGES
### IN VIOLATION OF 15 U.S.C. §1692f

38. Plaintiff incorporates Paragraphs 1 through 37.

39. Jefferson continued to cause A&B to withhold Reyes' much needed wages for an additional five (5) months after it failed to comply with Fla. Stat. §77.055., in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II
### CONTINUING TO GARNISH WAGES
### IN VIOLATION OF 15 U.S.C. §1692e

40. Plaintiff incorporates Paragraphs 1 through 37.

41. Jefferson continued to cause A&B to withhold Reyes' much needed wages even though the Continuing Writ of Garnishment was not extended, in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper

## COUNT III
## WRONGFUL GARNISHMENT

42. Plaintiffs incorporate Paragraphs 1 through 37.

43. Defendant continued to garnish Plaintiff's wages for an additional five (5) months even after it knew or should have known that it failed to comply with Florida's garnishment statutes and did so with malice.

44. Defendant knowingly caused the Garnishee to withhold twenty-five percent (25%) of Plaintiff's wages for an additional five (5) months when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

                                    Debt Shield Law
                                    3440 Hollywood Blvd., Suite 415
                                    Hollywood, FL 33021
                                    Tel:    754-800-5299
                                    Fax:   305-503-9457
                                    service@debtshieldlaw.com
                                    joel@debtshieldlaw.com

                                    */s/ Joel D. Lucoff*
                                    Joel D. Lucoff
                                    Fla. Bar No. 192163